IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA BUDHUN | : | |
| Plaintiff | : | Civil Case |
| | : | |
| v. | : | |
| | : | |
| READING HOSPITAL AND | : | No. 10-6921 |
| MEDICAL CENTER | : | |
| Defendant | : | |

MEMORANDUM

**Stengel, J.**                                                                                          **July 13, 2011**

Vanessa Budhun filed a motion to amend her complaint to add claims alleging disability discrimination under the Americans with Disabilities Act. Ms. Budhun bases her ADA claims on a fracture she suffered to her fifth metacarpal on her right hand, which resulted in the loss of use of her "pinky finger" for two months. I will deny her motion for leave to amend. Because of the temporary nature of the injury, Ms. Budhun is not disabled under the ADA and was not regarded as disabled. In addition, Ms. Budhun makes no allegation that her injury resulted in any limitations to a major life activity.

I.      Background

On November 19, 2010, Vanessa Budhun filed a complaint alleging violations of the Family Medical Leave Act against Reading Hospital and Medical Center. Ms. Budhun also filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging Reading Hospital violated the Americans with Disabilities Act. On May 16, 2011, Ms. Budhun received a Notice of a Right to Sue letter from the EEOC. On May 17, 2011, Ms. Budhun filed a motion for leave to file a first

amended complaint.  Ms. Budhun attached a draft of the proposed amended complaint to the motion for leave.[1]  The following facts are taken from this proposed amended complaint.

Ms. Budhun was hired by Reading Hospital on April 14, 2008 as a credentialing assistant.  On July 30, 2010, Ms. Budhun fractured her fifth metacarpal on her right hand, "resulting in the temporary loss of use of her pinky finger."  Proposed Amended Complaint at ¶ 15.[2]  Ms. Budhun arrived at work on August 2, 2010, but Reading Hospital would not permit her to work because she was wearing a splint.  It would not allow Ms. Budhun to return to work until her doctor certified that she could work without restriction.  On August 2, 2010, Ms. Budhun's orthopedist certified that Ms. Budhun required a two-week leave.  On August 10, 2010, the orthopedist wrote a note stating Ms. Budhun could return to work without restriction on August 16, 2010.  When Ms. Budhun returned on August 16, 2010, Reading Hospital told her she should return to her doctor and remain on medical leave.

Ms. Budhun contacted her orthopedist, who wrote a note excusing Ms. Budhun from work until he could re-evaluate her.  On September 10, 2010, she was re-evaluated.  On September 13, 2010, Ms. Budhun advised Reading Hospital she could return to work within a month.  On September 13, 2010, Reading Hospital approved an extension of Ms.

---

[1] Motion for Leave to File First Amended Complaint at Exh. A, Budhun v. Reading Hosp. and Med. Ctr., No. 10-06921 (E.D. Pa. filed May 17, 2011) [hereinafter "Proposed Amended Complaint"].

[2] In a separate paragraph, the complaint alleges the July 20, 2010 injury to her fifth metacarpal bone resulted in the loss of "use of three fingers for approximately two months."  Proposed Amended Complaint at ¶ 39.  The discrepancy in the number of fingers for which she lost use likely is because, although she injured only one finger, the splint impacted the use of three fingers.

Budhun's leave.  On September 29, 2010, Ms. Budhun informed Reading Hospital that she could return to work on October 4, 2010.  That same day, Reading Hospital called Ms. Budhun and informed her that she had been terminated as of September 17, 2010.

II.     Standard

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once within 21 days of service of the original pleading or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  If more than 21 days have passed since service of the original pleading or of a responsive pleading or motion, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Whether to grant a plaintiff leave to amend a complaint is committed to the sound discretion of the trial judge.  Gay v. Petsock, 917 F.2d 768, 772 (3d Cir.1990) (citations omitted).   A motion for leave to amend can be denied due to "undue delay, bad faith, dilatory motive, prejudice, and futility."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Shane, 213 F.3d at 115 (quoting Burlington, 114 F.3d at 1434).  "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Id. (quoting Burlington, 114 F.3d at 1434).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of "the facts upon which he bases his claim."  Conley, 355 U.S. at 47.  Rather, "the Rules require 'a short and plain statement of the claim' that will give the defendant fair notice"

3

of the plaintiff's claim and "the grounds upon which it rests." Id. "The complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 563 n.8. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893, 896 (E.D. Pa. 1995). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). The claim must contain "'enough factual matter (taken as true) to suggest the required element[s]" of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

III.   Discussion

The ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). "The question of whether a temporary impairment is a disability must be resolved on a case-by-case basis, taking into consideration both the duration (or expected duration) of the impairment and the extent to which it actually limits a major

life activity of the affected individual." 28 C.F.R. § 35.104 at Appx. A. Temporary impairments, however, "such as a broken leg, are not commonly regarded as disabilities, and only in rare circumstances would the degree of the limitation and its expected duration be substantial." Id. "[A] temporary, non-chronic impairment of short duration is not a disability covered by the ADA." Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002) (quoting McDonald v. Pa. Dep't of Public Welfare, Polk Ctr., 62 F.3d 92, 96 (3d Cir.1995)).

The allegations fail to state a claim that Ms. Budhun was disabled as defined by the ADA. Ms. Budhun alleges that she fractured her fifth metacarpal on her right hand, "resulting in the temporary loss of use of her pinky finger," and that the injury resulted in the loss of "use of three fingers for approximately two months." She alleges the notes from her doctor indicate the work restrictions were temporary in nature, lasting a little over two months. The complaint makes no allegations as to what major life activity Ms. Budhun was impaired in and does not contain any allegations suggesting this is a "rare circumstance" in which a temporary impairment of a broken finger would constitute a disability under the ADA.

In addition, Ms. Budhun does not state a claim that she was "regarded as" disabled. An individual will be regarded as having an impairment "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). A person cannot state a claim that she was regarded as disabled if the impairments "are

transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C.A § 12102(3)(B). At most, Ms. Budhun's injury lasted, and was expected to last, two-and-a-half months.

IV. Conclusion

I will deny the motion for leave to amend. The amendment would be futile because the proposed amended complaint submitted by Ms. Budhun fails to state a claim under the ADA. Ms. Budhun alleges only a temporary impairment of an injured finger, which caused her to lose the use of her finger for two-and-a-half months. There is no allegation that this temporary impairment limited her in any major life activity. Ms. Budhun is not disabled, and was not regarded as disabled, within the meaning of the ADA.

An appropriate order follows.